**NOT RECOMMENDED FOR PUBLICATON**
File Name: 20a0023n.06

**No. 19-3269**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| TYLER BURKEY, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Jan 15, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DEPUTY SHERIFF HEATHER HUNTER; | ) | COURT FOR THE |
| CORRECTIONS OFFICER CARL VATH; | ) | NORTHERN DISTRICT OF |
| DEPUTY SHERIFF TYLER PETERS; | ) | OHIO |
| MAHONING COUNTY, OHIO, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

BEFORE: SILER, GIBBONS, and THAPAR, Circuit Judges.

JULIA S. GIBBONS, Circuit Judge. In August 2015, Kevin Burkey committed suicide in his cell in Ohio's Mahoning County Jail. Tyler Burkey, Burkey's son and the representative of his estate, brought a 42 U.S.C. § 1983 action in the district court against Mahoning County, Ohio, and various jail deputies and jail medical personnel. The complaint alleged that the defendants violated Burkey's Fourth, Eighth, and Fourteenth Amendment rights by acting with deliberate indifference to Burkey's serious medical needs. The defendants moved for summary judgment on all of Burkey's federal claims. The district court granted the motion.

The district court held that Burkey failed to show a genuine issue of material fact as to whether the individual defendants were deliberately indifferent to Burkey's suicidal tendencies. The district court also held that Burkey's municipal liability claims under an "inaction theory" and a failure to train theory failed. Because Burkey failed to present evidence that any individual defendant was deliberately indifferent and failed to provide any evidence of a pattern of such behavior by Mahoning County, the district court rejected Burkey's inaction theory of liability. Finally, because Burkey provided no evidence rebutting the adequacy of the suicide prevention training jail employees received, the district court granted Mahoning County summary judgment.

Burkey timely appealed. On appeal, however, Burkey only challenged the district court's determination that Mahoning County was entitled to summary judgment. Accordingly, he has waived any arguments about the liability of the individual defendants and therefore cannot show an underlying constitutional violation. *See Hopkins Cty. Coal, LLC v. Acosta*, 875 F.3d 279, 286 n.7 (6th Cir. 2017) ("It is well established that an issue not raised in a party's briefs on appeal may be deemed waived.") (citing *Farm Labor Org. Comm. v. Ohio State Highway Patrol*, 308 F.3d 523, 544 n.8 (6th Cir. 2002)); *Jones v. Dirty World Entm't Recordings LLC*, 755 F.3d 398, 406 (6th Cir. 2014) ("Any other claim or defense that they argued before the district court is waived."); *Ahlers v. Schebil*, 188 F.3d 365, 374 (6th Cir. 1999) (stating that issues not raised in briefs on appeal may be deemed waived).

This circuit has continuously held that under § 1983, a county can only be held liable if there is a showing of an underlying constitutional violation by the county's officials. *See, e.g.*, *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015) ("Baynes failed to present facts upon which a reasonable juror could conclude that the individual defendants' conduct constituted deliberate indifference to a serious medical need under the Eighth Amendment. Without an underlying unconstitutional act, Baynes' claim against the County under § 1983 must also fail."); *Wilson v. Morgan,* 477 F.3d 326, 340 (6th Cir. 2007) ("There can be no *Monell* municipal liability under § 1983 unless there is an underlying unconstitutional act."); *Tanner v. County of Lenawee*, 452 F.3d 472, 481–82 (6th Cir. 2006) ("Because none of the individual officers violated the Tanners constitutional rights, the claims against Lenawee County necessarily fail as a matter of law."); *Bukowski v. City of Akron*, 326 F.3d 702, 712–13 (6th Cir. 2003) ("Because the City of Akron can only be held liable if there is a showing of liability on the part of its officials, the determination that the City's officials did not violate the plaintiffs' constitutional rights resolves the claim against the City as well."). Because the district court found that Burkey failed to present evidence of a constitutional violation by the individual defendants, and because Burkey does not challenge that determination, Mahoning County cannot be held liable as a matter of law.

We affirm the judgment of the district court.